PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RONNIE E. DeBOLT, *et al.*, | ) |
| | ) CASE NO. 4:11CV1227 |
| Plaintiffs, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| CASSENS TRANSPORT | ) |
| COMPANY, *et al.*, | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) [Resolving ECF No. 13] |

This action is before the Court upon Defendant Cassens Transport Company's Motion to Dismiss Complaint or, in the alternative, for Summary Judgment (ECF No. 13). At issue is whether the Complaint (ECF No. 1) fails to state a claim against Defendant Cassens Transport Company upon which relief can be granted. The Court has been advised, having reviewed the record, the parties' briefs and the applicable law. For the reasons provided below, the Court grants Defendant Cassens Transport Company's Motion to Dismiss.

**I. Factual and Procedural Background**

Plaintiffs Ronnie E. DeBolt, James Elliott, Alan G. Graybeal, Robert Grogan, Edward E. Hink, Lyle M. Holton, Allen G. Hurst, William R. Jacques, Jackie L. Kramer, Timothy Joseph Logan, David G. Nodler, Robert J. Palinski, Randall L. Pew, Brian K. Powell, and John W. Smith filed the within lawsuit against Defendants Cassens Transport Company ("Cassens"), Chauffeurs, Teamsters, Warehousemen & Helpers Local Union No. 377 ("Local 377"), Kevin Koubeck, National Joint Standing Seniority Committee of the Joint Arbitration Committee ("NJSSC"), James

(4:11CV1227)

D. Osmer, and Fred Zuckerman under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, alleging that, "[a]s a direct and proximate consequence of the acts and omissions of the Defendants in this case, plaintiffs have suffered economic damage due to the violation of their seniority rights as guaranteed by the CBA between Cassens and Teamsters Local Union 377." ECF No. 1 at ¶ 30.

Plaintiffs were employed by Cassens, a signatory of the National Master Automobile Transporters Agreement ("NMATA") (ECF No. 13-1), for hauling Nissan motor vehicles from Lordstown, Ohio prior to June 1, 2008. ECF No. 1 at ¶ 10. On June 1st, Performance Transportation Services ("PTS"), also a signatory of the NMATA, terminated its operations hauling GM cars from the General Motors plant in Lordstown, rendering unemployed a number of their former employees. ECF No. 1 at ¶ 14. After General Motors engaged the services of Cassens to haul GM vehicles from its Lordstown plant, Cassens offered employment to former PTS employees. ECF No. 1 at ¶¶ 15 and 16. A question arose as to whether the former PTS employees would be "endtailed"[1] or "dovetailed"[2] onto Cassens's current seniority list, so the NJSSC conducted a hearing to resolve the question of seniority. ECF No. 1 at ¶ 19. On June 17, 2008, the NJSSC concluded that the former PTS employees would be endtailed onto Cassens's existing seniority list. ECF No. 1 at ¶ 19.

---

[1] Article 5, Section 1 of the NMATA defines "endtailing" as "when an employee or group of employees are placed at the bottom of a terminal seniority list although they retain their company seniority date for fringe benefits." ECF No. 13-1 at 22.

[2] Article 5, Section 1 of the NMATA defines "dovetailing" as "when two (2) or more seniority lists are merged or combined into a single seniority list which recognizes the terminal seniority date of each employee." ECF No. 13-1 at 22.

2

(4:11CV1227)

On October 10, 2010, Defendant Koubeck brought a "Class Action" Grievance on behalf of all members of Local 377 employed by Cassens, seeking to reverse the June 2008 NJSSC decision. ECF No. 1 at ¶ 24. Pursuant to Article 7, Section 4 of the NMATA, a Local Level Hearing was conducted on October 28, 2010 to hear the "Class Action" Grievance. ECF No. 1 at ¶ 26. The NJSSC subsequently heard the "Class Action" Grievance on December 7, 2010. ECF No. 1 at ¶ 27. As a result of the December 7th hearing, the NJSSC issued a decision on January 6, 2011 that reversed the June 2008 NJSSC decision to endtail the former PTS employees onto Cassens's existing seniority list. ECF No. 1 at ¶ 28.

Plaintiffs aver Defendants have committed a number of errors which violated their seniority rights and caused them economic harm. ECF No. 1 at ¶ 30. Specifically, Plaintiffs allege that Defendant Koubeck's comments in the "Class Action" Grievance were made "falsely or in reckless disregard of the truth." ECF No. 1 at ¶ 25. Additionally, Plaintiffs aver that their rights to fair representation were violated by Koubeck at the October 28th Local Level Hearing because the hearing was conducted in a way that violated portions of the NMATA grievance process. ECF No. 1 at ¶ 26. Plaintiffs further allege that both Koubeck and the NJSSC have violated their rights to fair representation in a number of ways when the December 7th hearing was conducted contrary to the grievance procedure contained within the NMATA. ECF No. 1 at ¶ 27.

Cassens filed a Motion to Dismiss Complaint or, in the alternative, for Summary Judgment (ECF No. 13), to which Plaintiffs responded (ECF Nos. 22 and 23) and Cassens replied (ECF No. 24). With leave of Court, Plaintiffs filed a sur-reply (ECF No. 28-1), to which Cassens responded (ECF No. 29-1). In essence, Cassens alleges that Plaintiffs' "hybrid" § 301 claim fails as a matter of law because Plaintiffs have not pleaded that Cassens breached the NMATA. ECF 13 at 2.

3

(4:11CV1227)

## II. Legal Standard

In deciding a motion to dismiss under Rule 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff.[3] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level."[4] *Twombly*, 550 U.S. at 555 (citing authorities).

---

[3] When a complaint is challenged under Fed. R. Civ. P. 12(b)(6), its allegations should be construed favorably to the plaintiff, *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), and its factual allegations, "construed so as to do justice," Fed. R. Civ. P. 8(e), must be accepted as true. *See United States v. Gaubert*, 499 U.S. 315, 327 (1991). The sufficiency of a complaint, however, is a question of law, *Dugan v. Brooks*, 818 F.2d 513, 516 (6th Cir. 1987), and the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) (citations omitted).

[4] "Although this is a liberal pleading standard, it requires more than the bare assertion of legal conclusions. Rather, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *First Am. Title Co. v. Devaugh*, 480 F.3d 438, 444 (6th Cir. 2007) (quoting *S.E. Texas Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666, 671-72 (6th Cir. 2006)).

(4:11CV1227)

In other words, claims set forth in a complaint must be plausible, rather than conceivable. *Twombly*, 550 U.S. at 570. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

### III. Analysis

**A. Plaintiffs Fail to State a Claim Against Cassens.**

"Hybrid" § 301 claims brought against both the employer and union involve two separate, yet interdependent causes of action: The employer's alleged breach of the collective-bargaining agreement and the union's alleged breach of its duty of fair representation. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164-65 (1983); *see also Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 570-71 (1976) ("To prevail against either the company or the Union, petitioners must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union."). In following this approach, the Sixth Circuit treats each cause of action as necessary for stating a claim: "Unless [plaintiff] demonstrates *both* violations, he can not succeed against either party." *Bagsby v. Lewis Bros., Inc. of Tennessee*, 820 F.2d 799, 801 (6th Cir. 1987) (emphasis in original); *see also Garrish v. Int'l Union United Auto., Aerospace & Agric. Implement Workers of Am.*, 417 F.3d 590, 594 (6th Cir. 2005); *Vencl v. Int'l Union of Operating Engineers, Local 18*, 137 F.3d 420, 424 (6th Cir. 1998); *White v. Anchor Motor Freight, Inc.*, 899 F.2d 555, 559-60 (6th Cir. 1990).

Thus, Plaintiffs must first allege that Cassens has breached the NMATA. *Schneider v. Teamsters Local 407*, No. 1:09CV1749, 2010 WL 2232685, at *4 (N.D. Ohio May 10, 2010) (McHargh, M.J.) *report and recommendation adopted*, 2010 WL 2232679 (N.D. Ohio May 27,


(4:11CV1227)

2010) (Boyko, J.). If Plaintiffs do not plead facts that plausibly show that Cassens has breached the NMATA, they cannot recover and the complaint must be dismissed. *Id.*

The Court finds Plaintiffs do not plead any factual allegations that, if treated as true, demonstrate that Cassens breached the NMATA. The Complaint (ECF No. 1) does not make reference to any action by Cassens after the June 2008 NJSSC decision other than the conclusory statement in paragraph 30 that presumably includes Cassens: "As a direct and proximate consequence of the acts and omissions of the Defendants in this case, plaintiffs have suffered economic damage due to the violation of their seniority rights." ECF No. 1 at ¶ 30. However, the Complaint (ECF No. 1) does not allege any "acts or omissions" on the part of Cassens that support this conclusion. The only acts that can reasonably be inferred from the Complaint (ECF No. 1) are that Cassens adopted an "endtailed" seniority list in response to the NJSSC's June 2008 decision and that it adopted a "dovetailed" seniority list after the NJSSC issued its January 2011 decision. Yet Cassens performed both of these actions in accordance with, not contrary to, Article 7, Section 8(e) of the NMATA ("Any decision of any of the Joint Arbitration Committees shall be final and binding upon the Employer, the Local Union, and the employees." (ECF No. 13-1 at 40)). ECF No. 1 at ¶ 20.

Instead, Plaintiffs have styled this conclusion as a fact that entitles them to relief, which the Court is not obligated to assume is true when evaluating the legal sufficiency of a claim alleged in the complaint. "Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555); *see also Morgan*, 829 F.2d at 12. Absent factual allegations to support this conclusion, Plaintiffs'

6

(4:11CV1227)

allegations that Cassens breached the NMATA are merely speculative, not plausible. *Id.* Thus, the Court concludes the Complaint (ECF No. 1) does not plead a breach of the collective-bargaining agreement in a manner that satisfies the requirements of *Twombly* and *Iqbal*. Lacking one of the two causes of action necessary to state a "hybrid" § 301 claim, the complaint against Cassens is not legally sufficient. *Bagsby*, 820 F.2d at 801.

**B. Plaintiffs Have Not Properly Requested Leave to Amend.**

In their Brief opposing Defendant's Motion to Dismiss, Plaintiffs reiterate their belief that the Complaint (ECF No. 1) is sufficient to state a claim, but request leave to amend if the Court finds the allegations insufficient. ECF No. 22 at 8. In support of this request for leave, Plaintiffs point to Fed. R. Civ. P. 15's language that empowers a court to grant leave "when justice so requires," Fed. R. Civ. P. 15(a)(2), and case law that broadly suggests this "mandate is to be heeded" absent some "apparent or declared reason" to deny the motion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiffs also indicate that the Federal Rules prefer that cases be resolved on the merits, and this principle "provides guidance for appellate courts charged with determining whether a trial judge has abused his or her discretion in denying a requested amendment." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citing *Foman*, 371 U.S. at 182).

The motion for leave to amend is governed by Fed. R. Civ. P. 7(b), which requires proper motions to "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B). Without this particularity, a trial court is unable to determine that justice requires leave be given to amend the complaint: "[I]mplicit in this statement is that the district court must be able to determine whether 'justice so requires,' and in order to do this, the court must have before it the

(4:11CV1227)

substance of the proposed amendment." *Roskam Baking Co., Inc. v. Lanham Mach. Co., Inc.*, 288 F.3d 895, 906 (6th Cir. 2002).

As a threshold matter, a plaintiff seeking leave to amend must provide to the court the proposed amendments she intends to make, and a court does not abuse its discretion when it denies any motion that fails to do so.  *Roskam*, 288 F.3d at 906; *Kostyu v. Ford Motor Co.*, No. 85-1207, 1986 WL 16190, at *2 (6th Cir. July 28, 1986); *Glick v. Farm Credit Services of Mid-Am., FLCA*, No. 5:09CV2273, 2010 WL 3118673 (N.D. Ohio Aug. 6, 2010) (Lioi, J.).  In *Evans v. Pearson Enterprises, Inc.*, 434 F.3d 839 (6th Cir. 2006), the Sixth Circuit held that the district court did not abuse its discretion in denying leave to amend when plaintiff made the request for leave "in a single sentence without providing grounds [for the requested leave to amend] or a proposed amended complaint to support [the] request."  *Id.* at 853.  Such "a bare request in an opposition to a motion to dismiss — without any indication of the particular grounds on which amendment is sought . . . — does not constitute a motion within the contemplation of Rule 15(a)." *Confederate Memorial Ass'n, Inc. v. Hines*,  995 F.2d 295, 299 (D.C. Cir. 1993), quoted in *Evans*, 434 F.3d at 853.

Here, Plaintiffs have made a similarly perfunctory request for an order giving leave to amend.  The majority of the brief in opposition is spent arguing that the allegations "clearly demonstrate" that Cassens breached the NMATA.  ECF No. 22 at 6.  Plaintiffs' request for leave is contained within a single sentence near the end of their brief, without any description of how they intend to amend the complaint to set forth a claim against Cassens for breach of the collective-bargaining agreement:  "However, should the Court deem the allegations of the complaint against Cassens insufficient to explicitly state that Cassens violated the CBA/NMATA, and the manner in

8

(4:11CV1227)

which Cassens violated the CBA/NMATA, Plaintiffs hereby move for leave to so amend." ECF No. 22 at 8. Instead of providing a proposed amended complaint, or stating the facts upon which their allegation that Cassens breached the NMATA would rely upon, Plaintiffs have merely named the claim they intend to include in the amended complaint. *Roskam*, 288 F.3d at 906-07. Consequently, it cannot be said that the request for leave is properly before the Court. *Id.* at 906.

### IV. Conclusion

For the reasons stated above, Defendant Cassens Transport Company's Motion to Dismiss Complaint (ECF No. 13) is granted for failure to state a claim. The Court dismisses this case without prejudice as to Defendant Cassens Transport Company only.

IT IS SO ORDERED.

| | |
|---|---|
| June 15, 2012 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |