PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONNIE E. DeBOLT, *et al.*, | ) | |
| | ) | CASE NO. 4:11CV1227 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CASSENS TRANSPORT | ) | |
| COMPANY, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 35] |

This hybrid § 301 action regarding changes to Plaintiffs' terminal seniority, filed under the Labor Management Relations Act, 29 U.S.C. § 185, is before the Court upon Plaintiffs' Second Motion for Leave to File Amended Complaint and Vacate Order Dismissing Cassens Transport Company (ECF No. 35). The Court has been advised, having reviewed the record, the parties' briefs and the applicable law. For the reasons stated herein, the motion is denied.

On June 15, 2012, the Court entered a Memorandum of Opinion and Order (ECF No. 33) granting Defendant Cassens Transport Company's Motion to Dismiss Complaint (ECF No. 13) for failure to state a claim. The Court dismissed the case at bar without prejudice as to Defendant Cassens Transport Company ("Cassens") only. The factual and procedural background are summarized in the prior opinion. *See* ECF No. 33 at 1-3.

Plaintiffs now seek leave to file an Amended Complaint that rejoins Cassens and alleges that it breached the Collective Bargaining Agreement ("CBA") entitled "The National Master Automobile Transporters Agreement and the Central and Southern Supplemental Agreements"

(4:11CV1227)

("NMATA") (ECF No. 13-1), which is the CBA governing Plaintiffs' employment. A copy of Plaintiffs proposed Amended Complaint (ECF No. 35-1) is attached to the within motion. The question presented by the within motion is whether the proposed Amended Complaint (ECF No. 35-1) pleads a breach of the CBA in a manner that satisfies the requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Cassens argues that the proposed amendment would be futile and, therefore, the within motion should be denied. Fed. R. Civ. P. 15 governs motions for leave to amend pleadings. Rule 15 states that a "court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). That said, a motion for leave to amend may be denied for futility. *Midkiff v. Adams County Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005). A motion to amend is deemed futile if the proposed amendment "could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Department of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)).

Matthew Fazakas, Jimmy Neal and Earl Walker are the union representatives of the National Joint Standing Seniority Committee ("NJSSC") panel that considered Class Action Grievance No. 4650. *See* Automobile Transporters Committee Decision Form (ECF No. 13-7). Plaintiffs allege in a conclusory fashion that "[a]t all times material hereto," Messrs. Fazakas, Neal, and Walker "were representatives and agents of Cassens." ECF No. 35-1 at ¶ 6. Plaintiffs also allege that Messrs. Fazakas, Neal, and Walker "as agents of Cassens violated and subverted the NMATA by participating in the December 7, 2010, NJSSC hearing and January 6, 2011

2

(4:11CV1227)

Decision on 'Class Action Grievance No. 4650.'" ECF No. 35-1 at ¶ 33. Cassens expressly denies that Messrs. Fazakas, Neal and Walker were its representatives or agents with respect to any matter bearing on the proposed Amended Complaint. ECF No. 36 at 8. Plaintiffs, however, do not address this contention in their Reply Memorandum (ECF No. 39).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Twombly*, 550 U.S. at 564. A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78 (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiffs are not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Twombly*, 550 U.S. at 556. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557 (brackets omitted).

(4:11CV1227)

Plaintiffs' proposed Amended Complaint (ECF No. 35-1) does not satisfy these standards.  It offers no factual support for the allegations at ¶¶ 6 and 33 that Messrs. Fazakas, Neal, and Walker, the union members of the NJSSC panel, are representatives and agents of Cassens, the employer.  *Thompson v. City of Memphis*, No. 11-6146, 2012 WL 3194489, at *4-5 (6th Cir. Aug. 7, 2012).

Article 7, Section 6 and Article 7, Section 17 of the NMATA provide that the National Automobile Transporters Joint Arbitration Committee Rules of Procedure (ECF No. 13-3) shall govern the procedures for hearing and re-hearing of grievances related to seniority.  ECF No. 35-1 at ¶ 23.  The proposed Amended Complaint (ECF No. 35-1) asserts that Cassens breached the NMATA by participating in the local level hearing required by Article 7, Section 4, Step 4 of the NMATA and the NJSSC hearing of December 7, 2010 pursuant to Article 7, Section 17 of the NMATA.  ECF No. 35-1 at ¶¶ 30 and 33.  Nonetheless, it is clear that Article 7, Section 4, Step 4 of the NMATA required that Cassens participate in the local level hearing.  Furthermore, neither Article 7, Section 17 nor the National Rules of Procedure make it a breach of the NMATA for Cassens to participate in a hearing before the NJSSC.  The mere allegation that an employer participated in the grievance process is not sufficient to support a plausible claim that the employer breached the CBA.  *Schneider v Teamsters Local 407*, No. 1:09CV1749, 2010 WL 2232685, at *4-5 (N.D. Ohio, May 10, 2010).

Moreover, the proposed Amended Complaint (ECF No. 35-1) alleges that Cassens breached the NMATA by:  (1) failing to file a written response to the October 10, 2010 Class Action Grievance No. 4650 (ECF No. 35-1 at ¶ 30(B)); (2); not designating in writing that the

(4:11CV1227)

grievance had been examined by both parties during the hearing (ECF No. 35-1 at ¶¶ 30(D) and 32(B)); (3) participating in a local level hearing which was not recorded (ECF No. 35-1 at ¶ 30(E)); and (4) failing to submit a written response to a request for rehearing as described in Article III, Section C of the National Rules of Procedure (ECF No. 13-3 at 3) (ECF No. 35-1 at ¶ 31). The Court finds that none of these allegations support a plausible claim that Cassens breached the CBA. Article 7, Section 17(a) of the NMATA, which provides in pertinent part that "all issues arising under or grievances alleging violations of Article 5, Sections 4, 5, 7 and 8 shall be submitted to a Standing Seniority Committee," required that Class Action Grievance No. 4650 be elevated to the NJSSC. ECF No. 13-1 at 43. Cassens could not, by filing a written response to the grievance, designating in writing that the grievance had been examined by both parties, or refusing to participate in a local level hearing which was not recorded, prevent Defendant Chauffeurs, Teamsters, Warehousemen & Helpers Local Union No. 377 from bringing the grievance before the NJSSC. Similarly, the alleged failure to submit a written response, particularly where the CBA itself does not require such response, cannot rise to the level of a plausible breach. In the wake of *Twombly* and *Iqbal*, the proposed Amended Complaint (ECF No. 35-1) must do more than merely make conclusory allegations or recite bare legal conclusions masquerading as factual allegations. *Center for Bio–Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011).

Finally, Cassens adopted an "endtailed" seniority list in response to the NJSSC's June 2008 decision and it adopted a "dovetailed" seniority list after the NJSSC issued its January 2011 decision. Yet Cassens performed both of these actions in accordance with, not contrary to,

5

(4:11CV1227)

Article 7, Section 8(e) of the NMATA ("Any decision of any of the Joint Arbitration Committees shall be final and binding upon the Employer, the Local Union, and the employees.") ECF No. 33 at 6.

The Court concludes that the proposed Amended Complaint (ECF No. 35-1) does not plead a breach of the CBA in a manner that satisfies the requirements of *Twombly* and *Iqbal*. Accordingly, Plaintiffs' Second Motion for Leave to File Amended Complaint and Vacate Order Dismissing Cassens Transport Company (ECF No. 35) is denied. The proposed Amended Complaint (ECF No. 35-1) is futile because it could not withstand a Fed. R. Civ. P. 12(b)(6) motion to dismiss.

IT IS SO ORDERED.

| | |
|---|---|
|  August 15, 2012  |  */s/ Benita Y. Pearson*  |
| Date | Benita Y. Pearson |
| | United States District Judge |